# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
§
JOHN T. ALLEN § Case No. 11-28477
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on         . The undersigned trustee was appointed on         .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of            $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]        $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____ By:/s/Frances Gecker_____
                                                                Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 11-28477 | JSB | Judge: | Janet S. Baer | Trustee Name: | Frances Gecker |
|---|---|---|---|---|---|---|
| Case Name: | JOHN T. ALLEN | | | | Date Filed (f) or Converted (c): | 07/11/2011 (f) |
| | | | | | 341(a) Meeting Date: | 08/11/2011 |
| For Period Ending: | 03/05/2015 | | | | Claims Bar Date: | 07/23/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. RESIDENCE | 115,000.00 | 0.00 | | 0.00 | FA |
| 2. CASH | 20.00 | 0.00 | | 0.00 | FA |
| 3. CHECKING ACCOUNT | 20.00 | 0.00 | | 0.00 | FA |
| 4. SECURITY DEPOSITS - 1735 Chicago Ave. | 2,000.00 | 1,000.00 | | 0.00 | FA |
| 5. CHECKING ACCOUNT | 300.00 | 0.00 | | 0.00 | FA |
| 6. HOUSEHOLD GOODS | 2,056.00 | 1,096.00 | | 0.00 | FA |
| 7. STOCK - 100% OWNERSHIP OF LAW OFFICE | Unknown | 0.00 | | 0.00 | FA |
| 8. ACCOUNTS RECEIVABLE (u) | Unknown | 0.00 | | 0.00 | FA |
| 9. WEARING APPAREL | 300.00 | 300.00 | | 0.00 | FA |
| 10. FURS AND JEWELRY | 200.00 | 0.00 | | 0.00 | FA |
| 11. BOOKS/COLLECTIBLES | 100.00 | 0.00 | | 0.00 | FA |
| 12. INTERESTS IN INSURANCE POLICIES | 7,500.00 | 7,500.00 | | 0.00 | FA |
| 13. BOOKS/COLLECTIBLES | 250.00 | 0.00 | | 0.00 | FA |
| 14. AUTOMOBILES, TRUCKS, TRAILERS | 3,750.00 | 1,350.00 | | 0.00 | FA |
| 15. FIREARMS AND SPORTS, PHOTOGRAPHIC OTHER HOBBY EQUIP. | 50.00 | 0.00 | | 0.00 | FA |
| 16. SECURITY DEPOSIT FOR OFFICE SPACE (u) | 2,812.40 | 2,812.40 | | 0.00 | FA |
| 17. CHAPTER 13 CLAIM (u) | 0.00 | 5,000.00 | | 5,000.00 | FA |
| 18. OFFICE EQUIPMENT | 50.00 | 50.00 | | 0.00 | FA |
| INT. Void (u) | 0.00 | N/A | | 0.00 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $134,408.40 | $19,108.40 | | $5,000.00 | $0.00 |

(Total Dollar Amount in Column 6)

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

THE TRUSTEE REACHED AN AGREEMENT WITH DEBTOR ON ASSET NO. 17 (STOCK), HOWEVER, THE DEBTOR THEN FILED A NEW CHAPTER 13 CASE. TRUSTEE HAS AN ALLOWED ADMINISTRATIVE CLAIM IN THE NEW CHAPTER 13 CASE.

Exhibit A

RE PROP #        7    --    100% OWNERSHIP OF LAW OFFICE
RE PROP #        11   --    500 CDs

Initial Projected Date of Final Report (TFR): 12/01/2012          Current Projected Date of Final Report (TFR): 12/31/2014

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| | | |
|---|---|---|
| Case No: 11-28477 | Trustee Name: | Frances Gecker |
| Case Name: JOHN T. ALLEN | Bank Name: | The Bank of New York Mellon |
| | Account Number/CD#: | XXXXXX7512 |
| | | Checking Account (Non-Interest Earn |
| Taxpayer ID No: XX-XXX0718 | Blanket Bond (per case limit): | $5,000,000.00 |
| For Period Ending: 03/05/2015 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/20/14 | 17 | OFFICE OF THE CHAPTER 13 TRUSTEE<br>MARILYN O. MARSHALL224 S. MICHIGAN AE., SUITE 900CHICAGO, IL 60604 | Chapter 13 Claim | 1229-000 | $796.59 | | $796.59 |
| 03/07/14 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | $10.00 | $786.59 |
| 03/20/14 | 17 | OFFICE OF THE CHAPTER 13 TRUSTEE<br>MARILYN O. MARSHALL224 S. MICHIGAN AE., SUITE 900CHICAGO, IL 60604 | Chapter 13 Claim | 1229-000 | $796.59 | | $1,583.18 |
| 04/07/14 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | $10.00 | $1,573.18 |
| 04/17/14 | 17 | OFFICE OF THE CHAPTER 13 TRUSTEE<br>MARILYN O. MARSHALL224 S. MICHIGAN AE., SUITE 900CHICAGO, IL 60604 | Chapter 13 Claim | 1229-000 | $796.59 | | $2,369.77 |
| 05/07/14 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | $10.00 | $2,359.77 |
| 05/22/14 | 17 | OFFICE OF THE CHAPTER 13 TRUSTEE<br>MARILYN O. MARSHALL224 S. MICHIGAN AVE., SUITE 800CHICAGO, IL 60604 | Chapter 13 Claim | 1229-000 | $796.59 | | $3,156.36 |
| 06/06/14 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | $10.00 | $3,146.36 |
| 06/19/14 | 17 | OFFICE OF THE CHAPTER 13 TRUSTEE<br>MARILYN O. MARSHALL224 S. MICHIGAN AE., SUITE 900CHICAGO, IL 60604 | Chapter 13 Claim | 1229-000 | $796.59 | | $3,942.95 |
| 07/08/14 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | $10.00 | $3,932.95 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*                           Page Subtotals:                    $3,982.95          $50.00

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | | |
|---|---|---|
| Case No: 11-28477 | Trustee Name: Frances Gecker | |
| Case Name: JOHN T. ALLEN | Bank Name: The Bank of New York Mellon | |
| | Account Number/CD#: XXXXXX7512 | |
| | Checking Account (Non-Interest Earn | |
| Taxpayer ID No: XX-XXX0718 | Blanket Bond (per case limit): $5,000,000.00 | |
| For Period Ending: 03/05/2015 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 07/17/14 | 17 | OFFICE OF THE CHAPTER 13 TRUSTEE MARILYN O. MARSHALL 224 S. MICHIGAN AE., SUITE 900 CHICAGO, IL 60604 | Chapter 13 Claim | 1229-000 | $814.13 | | $4,747.08 |
| 08/07/14 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | $10.00 | $4,737.08 |
| 08/14/14 | 17 | OFFICE OF THE CHAPTER 13 TRUSTEE MARILYN O. MARSHALL 224 S. MICHIGAN AE., SUITE 900 CHICAGO, IL 60604 | Chapter 13 Claim | 1229-000 | $202.92 | | $4,940.00 |
| 09/08/14 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | $10.00 | $4,930.00 |
| 10/07/14 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | $10.00 | $4,920.00 |
| 11/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $4,910.00 |
| 12/05/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $4,900.00 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $5,000.00 | $100.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $5,000.00 | $100.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $5,000.00 | $100.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*     Page Subtotals:     $1,017.05     $50.00

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX7512 - Checking Account (Non-Interest Earn | $5,000.00 | $100.00 | $4,900.00 |
| | $5,000.00 | $100.00 | $4,900.00 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $5,000.00 |
| Total Gross Receipts: | $5,000.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:11-28477-JSB    Date: March 5, 2015
Debtor Name: JOHN T. ALLEN
Claims Bar Date: 7/23/2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Frances Gecker<br>325 N. LaSalle Street<br>Chicago, IL 60654 | Administrative | | $0.00 | $1,250.00 | $1,250.00 |
| 1 300 7100 | FSB AMERICAN EXPRESS BANK<br>AMERICAN EXPRESS BANK, FSB<br>C O BECKET AND LEE LLP<br>POB 3001<br>MALVERN, PA 19355-0701 | Unsecured | | $0.00 | $7,192.29 | $7,192.29 |
| 2 300 7100 | ESQ. PETER ANDJELKOVICH<br>PETER ANDJELKOVICH, ESQ.<br>PETER ANDJELKOVICH & ASSOCIATES<br>135 SOUTH LASALLE STREET, SUITE 3950<br>CHICAGO, IL 60603 | Unsecured | | $0.00 | $3,353.32 | $3,353.32 |
| | Case Totals | | | $0.00 | $11,795.61 | $11,795.61 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-28477
Case Name: JOHN T. ALLEN
Trustee Name: Frances Gecker

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Frances Gecker | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses  $_____

Remaining Balance  $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be          percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | FSB AMERICAN EXPRESS BANK | $ | $ | $ |
| 2 | ESQ. PETER ANDJELKOVICH | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

Remaining Balance                                              $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be        percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE